IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Angel Sheree Tennyson,<br><br>      Plaintiff,<br><br>   v.<br><br>Walmart Inc.,<br><br>      Defendant. | C/A No. 3:25-cv-7825-CMC-SVH<br><br>**ORDER** |

This matter is before the court on the Report and Recommendation ("Report") issued by Magistrate Judge Shiva V. Hodges on November 13, 2025. Magistrate Judge Hodges recommends the court deny Walmart Inc.'s motion to dismiss or strike the amended complaint, grant its motion to compel arbitration, and stay this action pending arbitration. For the reasons discussed below, the court agrees with the Magistrate Judge's reasoning and adopts the Report in full.

**I.   Background**

Angel Sheree Tennyson previously worked as a delivery driver for Walmart's app-based delivery platform, Spark Driver. She filed this pro se lawsuit on July 18, 2025, asserting claims for breach of contract and "bad faith" after Walmart deactivated her account. ECF No. 1-1 at 1, 4. Before Walmart answered, Tennyson filed an amended complaint adding race discrimination claims under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. ECF No. 22 at 3.

On October 14, 2025, Walmart moved to compel arbitration based on an arbitration provision in the parties' Non-Disclosure and Dispute Resolution Agreement ("Agreement") and to strike Tennyson's amended complaint as untimely. ECF No. 28. In response, Tennyson did not dispute that a valid arbitration agreement existed or that it covered the claims at issue. Rather, she asked the court to deny Walmart's motion because it "acted in bad faith by failing to address or investigate the technical issues central to this dispute" during the parties' pre-arbitration dispute resolution conference.[1] ECF No. 33 at 1. She also insisted her amended complaint was timely under Federal Rule of Civil Procedure 15(a)(1)(B). ECF No. 35 at 2; *see* Fed. R. Civ. P. 15(a)(1)(B) (allowing a plaintiff to amend her complaint "once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier").

Magistrate Judge Hodges issued her Report on November 13, 2025. Magistrate Judge Hodges first recommended the court deny Walmart's motion to strike and consider its motion to compel arbitration as applied to the amended

---

[1] The Agreement requires the parties to "engage in a good-faith effort to resolve any claim covered by [the] Arbitration Provision through an informal telephonic dispute resolution conference . . . before commencing arbitration." ECF No. 28-1 at 18; *see also id.* ("Engaging in an informal telephonic dispute resolution conference is a condition precedent that must be fulfilled before commencing individual arbitration.").

2

complaint. ECF No. 37 at 9. She then recommended granting Walmart's motion to compel and staying the case pending arbitration. *Id.* at 13. In doing so, she credited evidence from Walmart showing that the parties completed the mandatory dispute resolution conference in June 2025 and found that Tennyson had "offered no evidence or persuasive argument" that Walmart acted in bad faith. *Id.* at 11.

Tennyson filed objections to the Report on November 25, 2025. ECF No. 40. Walmart responded on December 9, 2025. ECF No. 41. This matter is now ripe for review.

## II.  Legal Standard

The Report carries no "presumptive weight," and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court reviews de novo "those portions of the [R]eport . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge" or "recommit the matter . . . with instructions." 28 U.S.C. § 636(b)(1). "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). In the absence of specific objections, the court need only review for clear error, *Diamond v. Colonial Life & Accident Ins.*

3

*Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the Report, *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

**III.  Discussion**

In objecting to the Report, Tennyson argues the court should deny Walmart's motion to compel because (1) she never assented to the arbitration provision contained in the Agreement and (2) the arbitration provision is procedurally and substantively unconscionable under South Carolina law. ECF No. 40 at 1–2. Yet Tennyson did not raise these issues in her briefing before the Magistrate Judge. So she has waived them. *See ContraVest Inc. v. Mt. Hawley Ins. Co.*, 273 F. Supp. 3d 607, 620 (D.S.C. 2017); *Elijah*, 66 F.4th at 460 n.3; *see also Dune v. G4S Regulated Sec. Sols. Inc.*, No. 0:13-cv-01676-JFA, 2015 WL 799523, at *3 (D.S.C. Feb. 25, 2015) ("[T]he Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate [judge], then another past the district court." (internal quotation marks omitted)).

Even if Tennyson's arguments were not waived, they are not persuasive. First, the undisputed facts show Tennyson "manifested her assent" to the arbitration provision. *Marshall v. Georgetown Mem'l Hosp.*, 112 F.4th 211, 218 (4th Cir. 2024). As part of her onboarding, Tennyson was presented with an electronic version of the Agreement containing the arbitration provision. ECF No. 28-1 at 3–4. The end of the Agreement states in bold font:

4

> **By clicking "I agree," I expressly acknowledge that I have read, understood, and considered the consequences of this Agreement, including <u>THAT THIS AGREEMENT CONTAINS AN ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES</u>; that I affirmatively agree to be bound by the terms of this Agreement; and that I am legally competent to enter into this Agreement.**

*Id.* at 23. Walmart's records reveal that on August 22, 2024, Tennyson electronically signed the Agreement by clicking the "I agree" icon and selecting "I accept the terms of this agreement." *Id.* at 3–4. On these facts, there is no genuine dispute about Tennyson's assent to be bound by the arbitration provision. *See Marshall*, 112 F.4th at 222 ("When website buttons have labels denoting assent, like 'I accept' or 'I agree,' a user's click 'can suffice to signify the acceptance of a contract.'" (quoting *Sgouros v. TransUnion Corp.*, 817 F.3d 1029, 1033–34 (7th Cir. 2016)).

Tennyson's unconscionability argument likewise fails. The arbitration provision includes a broad delegation clause giving the arbitrator "exclusive authority to resolve any dispute arising out of or relating to [the arbitration provision's] interpretation, applicability, enforceability, or formation." ECF No. 28-1 at 15–16. But Tennyson does not mention — let alone challenge — the delegation clause in her objections. As a result, the court "must treat [the delegation clause] as valid . . . and must enforce it," leaving Tennyson's unconscionability argument to be decided by the arbitrator in the first instance. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010); *see also Coinbase, Inc. v. Suski*, 602 U.S. 143, 152 (2024) ("[A]bsent a

5

successful challenge to the delegation provision, courts must send all arbitrability disputes to arbitration.").

Tennyson offers no other specific objections to the Report. Having reviewed the remainder of the Report for clear error, the court finds none and adopts the Report in its entirety.

## IV. Conclusion

For the foregoing reasons, the court adopts the Magistrate Judge's Report (ECF No. 37) in full, denies Walmart's motion to dismiss or strike the amended complaint (ECF No. 28 at 12–13), and grants Walmart's motion to compel arbitration (ECF No. 28 at 5–12). Because Walmart requests a stay under 9 U.S.C. § 3, this matter will be stayed pending arbitration. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). The parties shall file a joint status report every 90 days from the date of this order and within 14 days after arbitration concludes.

**IT IS SO ORDERED.**

<u>s/Cameron McGowan Currie</u>
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 10, 2026